# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 00-2946

_____

Rita Carroll,      *

               *

     Appellant,      *

               *      Appeal from the United States

v.                *      District Court for the

               *      District of Nebraska.

Fredrick W. Pfeffer,      *

               *      [PUBLISHED]

     Appellee.      *

_____

Submitted: April 19, 2001
Filed: August 23, 2001

_____

Before WOLLMAN, Chief Judge, BEAM and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Rita Carroll appeals the district court's[1] adverse grant of summary judgment in her 42 U.S.C. § 1983 action against Fredrick Pfeffer, a police officer in Omaha, Nebraska. We affirm.

_____

[1]The Honorable William G. Cambridge, United States District Judge for the District of Nebraska.

## I.

Carroll filed a lawsuit against Officer Pfeffer for his conduct which she alleges was in retaliation for her complaints to city and police officials about an altercation between Officer Pfeffer and Carroll's adult son that occurred on May 22, 1994. The facts, viewed in the light most favorable to Carroll, are as follows. The first incident between Carroll and Officer Pfeffer took place on May 24, 1994, when Officer Pfeffer approached her vehicle and attempted to open her car door while she was stopped at an intersection. On February 13, 1995, Officer Pfeffer bumped into her in a Hallmark card shop, and she told him that one of them would have to leave. On April 15, 1997, while Carroll was on a street corner passing out petitions to recall the county attorney, Officer Pfeffer stopped his vehicle, shouted out the window, and shook his fist at her while holding what appeared to be a copy of the petition. On May 13, 1997, Carroll was in a phone booth on a street corner, and Officer Pfeffer drove by her twice, glared at her, and taunted her. Later that same day, as Carroll was pulling out of a parking lot after voting, Officer Pfeffer's vehicle nearly collided with Carroll's car. As a result of these five incidents, Carroll sued Officer Pfeffer in both his official and individual capacities for violating her civil rights. The district court granted Officer Pfeffer's motion for summary judgment on the basis of qualified immunity. Carroll appeals.

## II.

We review the grant of a motion for summary judgment de novo. Coplin v. Fairfield Pub. Access Television Comm., 111 F.3d 1395, 1401 (8th Cir. 1997). In conducting our review, we view the record in the light most favorable to the nonmoving party. Id. Summary judgment is proper when there is "'no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)).

Qualified immunity is a defense available to government officials who can prove that their conduct did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). We engage in a two-part analysis when determining whether an official is entitled to qualified immunity. Manzano v. S.D. Dep't of Soc. Servs., 60 F.3d 505, 509 (8th Cir. 1995). First, we consider whether the plaintiff has alleged a violation of a constitutional right. Id. Then, "we must determine whether that right was clearly established at the time of the alleged violation." Id.

Carroll begins her appeal by challenging the district court's sua sponte order directing Officer Pfeffer to file an answer after the pretrial conference was held and after the pretrial order had been entered. The district court realized, shortly before trial was to begin, that Officer Pfeffer had never filed an answer or raised any defenses. The district court determined that this omission was plain error and that the case should not be allowed to proceed because it had not met even the most basic pleading requirements. Although an order on a final pretrial conference normally controls the subsequent course of action, the order can be modified to prevent manifest injustice. Fed. R. Civ. P. 16(e). "A pretrial order will be modified only if there is no substantial injury or prejudice to the opponent." Hale v. Firestone Tire & Rubber Co., 756 F.2d 1322, 1335 (8th Cir. 1985). There was no substantial injury or prejudice to Carroll in allowing Officer Pfeffer to file a late answer in this case. Had the case proceeded to trial, Carroll likely would have been the party prejudiced, as she would have had to put on her entire case-in-chief only to have it later dismissed by the district court for failure to establish a submissible claim. Not allowing Officer Pfeffer to file his answer and raise his defense of qualified immunity would have been a manifest injustice. Here, the district court acted in the interests of fair play while at the same time recognizing the need to conserve judicial resources. We find no error in the district court's decision to modify the pretrial order.

Next, Carroll asserts that Officer Pfeffer was not entitled to summary judgment based upon qualified immunity because he violated her clearly established constitutional right to freedom of speech by retaliating against her for speaking out about his altercation with her son and chilling her right to political expression. We disagree. In order to establish the elements of a retaliation claim under 42 U.S.C. § 1983, Carroll must show that she was engaged in constitutionally protected activity, that Officer Pfeffer's adverse action caused her to suffer an injury which would "chill a person of ordinary firmness from continuing . . . in that activity," and that the adverse action was motivated in part by Carroll's exercise of her constitutional rights. See Bloch v. Ribar, 156 F.3d 673, 678 (6th Cir. 1998). The only question in this case is whether Officer Pfeffer's conduct would chill a person of ordinary firmness from exercising the constitutionally protected right of political expression. Viewing the evidence in the light most favorable to Carroll, we conclude that Carroll has failed to show that Officer Pfeffer's conduct violated her constitutional rights. Officer Pfeffer's alleged harassing conduct occurred over a period of three years, with nearly two years passing between the second and third incidents, yet during this period of time Carroll and Officer Pfeffer lived within only six or seven blocks of each other. Each encounter was brief. There were no verbal threats. There was no physical contact, other than bumping into each other at Hallmark. Although Officer Pfeffer's alleged conduct was unprofessional and inappropriate, it does not rise to the level of a constitutional violation. These few and far between improper actions would not chill a person of ordinary firmness from engaging in constitutionally protected activity. Because Carroll has not established a violation of her constitutional rights, she has failed to state a claim under 42 U.S.C. § 1983, and Officer Pfeffer was entitled to qualified immunity.

Finally, Carroll contends that the district court erred in granting summary judgment because it based its decision on matters of credibility, which should have been left to the jury. We need not address this issue because, viewing the facts in light most favorable to Carroll, Officer Pfeffer was entitled to qualified immunity because Carroll failed to establish a constitutional violation.

4

III.

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.