# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1388

_____

Jamine Enterprises, Inc.,

        Appellant,

        v.

Archon Financial, L.P.; Moody
National Mortgage Corporation,

        Appellees.

      Appeal from the United States
      District Court for the Western
      District of Missouri.

        [UNPUBLISHED]

_____

Submitted: November 13, 2001

Filed:  November 23, 2001

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Jamine Enterprises appeals the district court's[*] decision to grant summary judgment for Archon Financial, L.P., and Moody National Mortgage Corporation. Jamine claims Moody, acting as Archon's agent, fraudulently represented it could secure a $2.6 million loan to finance the remodeling of Jamine's Columbia, Missouri hotel. Although Moody and Archon had both stated in writing that they hoped to

_____

[*]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

secure Jamine a $2.6 million loan, the final loan approved was only $2 million. Jamine accepted the $2 million loan but, as a result of the shortfall, could not complete the remodeling project. The district court concluded Jamine failed to present a viable fraud claim against Moody, and Moody was not Archon's agent when Moody and Jamine conducted preliminary discussions about the amount of the loan. Jamine appeals the decision to grant summary judgment in this diversity action, contending the district court disregarded disputed facts and misapplied Missouri law.

Because we agree with the district court's thorough analysis of Jamine's fraud claims, we are satisfied the district court properly applied Missouri law in this case. We also conclude there are no genuine issues of material fact and Archon and Moody are entitled to judgment as a matter of law. Additionally, because Jamine knew about the circumstances it would later label as fraud when it accepted the $2 million loan, Jamine waived any fraud claims it may have had against Moody or Archon. See Anselmo v. Mfg. Life Ins. Co., 771 F.2d 417, 420-21 (8th Cir. 1985) ("a valid fraud claim is relinquished when the victim of the fraud enters into a subsequent agreement with the perpetrator concerning the same subject matter"). Having reviewed the record de novo, see Carroll v. Pfeffer, 262 F.3d 847, 849 (8th Cir. 2001), we affirm the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-