# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2299

_____

| | | |
|---|---|---|
| All-Luminum Products, Inc., | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Winthrop Resources Corporation, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: February 13, 2002

Filed:  February 20, 2002

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

All-Luminum Products, Inc. (All-Luminum) leased computer equipment and software from Winthrop Resources Corporation (Winthrop).  The contract provided for monthly payments over sixty months, beginning once all the equipment was installed, and prorated interim rent between the date an item of equipment was accepted and the date all equipment under the contract was installed.  Installation took place gradually over one year.  After paying the interim rent Winthrop charged, All-Luminum sued Winthrop, disputing the method of calculating interim rent and claiming Winthrop overcharged All-Luminum.  All-Luminum argues the monthly payments include principal and 7.95% interest and that interim rent should repay

interest only. Winthrop argues the terms of the lease provide a flat monthly fee and that interim rent is prorated based on the flat monthly fee. According to the contract, Minnesota law controls. The district court,[*] sitting in diversity, granted summary judgment to Winthrop, finding the contract was not ambiguous, rent was described as a flat monthly fee, not principal and interest, and the interim rent was properly calculated based on the flat monthly fee. The district court held that All-Luminum's argument that the lease repaid interest and principal required reliance on parole evidence, which was inadmissible because the contract was unambiguous. The district court also awarded Winthrop attorney's fees. All-Luminum now appeals. Having reviewed the record de novo and considered the facts and all reasonable inferences that can be drawn from them in the light most favorable to All-Luminum, we conclude the district court correctly decided that there are no genuine issues of material fact. Carroll v. Pfeffer, 262 F.3d 847, 849 (8th Cir. 2001).

Like the district court, we reject All-Luminum's claim that the contract is ambiguous. See Video Update, Inc. v. Videoland, Inc., 182 F.3d 659, 664 (8th Cir. 1999) (applying Minnesota law). The lease terms describe a flat monthly rental fee and prorated interim rent based on the flat monthly fee. The lease does not describe the rental fees in terms of principal and interest. We also reject All-Luminum's claim the lease is a finance lease under Minnesota Statutes § 336.2A-103(g) (1998). All-Luminum did not present this claim to the district court and we will not consider it for the first time on appeal. Callantine v. Staff Builders, Inc., 271 F.3d 1124, 1130 n.2 (8th Cir. 2001). Because an extended opinion would serve no useful purpose in this diversity case, we affirm without further explanation. See 8th Cir. R. 47B.

---

[*]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.