IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-11145
Summary Calendar
_____


EDGAR LINZY,

Plaintiff-Appellant,

versus

CEDAR HILL INDEPENDENT SCHOOL
DISTRICT; JAMES RUETER; FRAN RUBEN;
JUDY SHAW; PAM FROST; DAVID SMOOT;
AL TROSTMAN,

Defendants-Appellants.

_____

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 3:00-CV-1864-D)
_____
May 9, 2002


Before REAVLEY, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Edgar Linzy appeals the district court's grant of summary

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment on his § 1983 claim for First Amendment retaliation against the Cedar Hill School District, and for intentional infliction of emotional distress and malicious prosecution against the District Superintendent and members of the school board.

The allegations in the present case arise out of a Petition to Investigate Claims[1] seeking to depose Mr. and Mrs. Linzy, filed in state court by superintendent Dr. James Rueter, and paid for and authorized by the school district. Dr. Rueter claims to have filed the petition under Tex. R. Civ. P. 202 to investigate whether he had a viable cause of action against Mr. Linzy for defamation after an active letter writing campaign by Linzy, in which Linzy complained about district policies and made allegations of illegal conduct on the part of Dr. Rueter (and others) to district officials, state agencies, and members of Congress. The state court granted Dr. Rueter's Rule 202 petition, and the Linzys were deposed in November 1999. Neither the school board nor Dr. Rueter ultimately decided to file a lawsuit against Linzy. Linzy then filed the present lawsuit, alleging First Amendment retaliation against the school board, and alleging malicious prosecution and intentional infliction of emotional distress[2] claims against the individual board members and Dr. Rueter.

---

[1] Under Texas Rule of Civil Procedure 202.1 a person may seek court approval for pre-suit investigation of a potential claim or suit.

[2] Linzy has abandoned his intentional infliction of emotional distress claim on appeal.

*A.*     *First Amendment Retaliation*

To survive summary judgment on his First Amendment retaliation claim, Linzy must demonstrate a disputed issue of material fact on each of the three parts of the Fifth Circuit's standard First Amendment retaliation test,[3] and also on the threshold issue of whether the board's decision to fund and approve the Rule 202 petition was even actionable as adverse retaliatory conduct under our First Amendment retaliation jurisprudence. The Fifth Circuit has previously held that in the normal case, criticisms, accusations, and investigations are not punitive, and do not rise to the level of actionable retaliation.[4]

The school district argued both in its brief for summary judgment to the district court and its brief on appeal that the Rule 202 investigatory procedure is limited and not adverse to any cognizable interest, and simply does not rise to the level of constitutionally actionable retaliation. Although Linzy has recited the mantra that retaliation for protected speech violates the First Amendment, he has not explained why the Rule 202 investigatory procedure constitutes the sort of punitive retaliation that satisfies the

---

[3] Pierce v. Tex. Dep't. of Crim. Justice, 37 F.3d 1146, 1149 (5th Cir. 1994) (A prima facie case must include a showing that "(1) Defendants were acting under color of state law; (2) [Plaintiff's] speech activities were protected under the First Amendment; and (3) [Plaintiff's] exercise of [the] protected right was a substantial or motivating factor in Defendants' actions.").

[4] Colson v. Grohman, 174 F.3d 498, 511, 512 n.7 (5th Cir. 1999).

standard articulated by this Circuit.[5]  We do not rule out the possibility that government

use of the Rule 202 procedure could potentially serve as the basis for a viable First

Amendment retaliation claim.  But Linzy has provided no explanation, citation to the

record, or legal analysis in the present case as to why the board's vote to fund Dr.

Rueter's Rule 202 petition qualifies as actionable conduct.

We may affirm the district court's summary judgment decision for any reason that

appears from the record.[6]  Accordingly, we affirm the dismissal of the First Amendment

retaliation claim on the grounds that Linzy has not created a disputed issue of material

fact as to whether the board-funded Rule 202 petition constitutes actionable retaliation.[7]

---

[5] Aside from citation to a Supreme Court footnote, <u>Rutan v. Republican Party</u>, 497 U.S. 62, 75 n.8 (1990), that the Fifth Circuit has expressly declined to interpret literally, <u>see</u> <u>Colson</u>, 174 F.3d at 510-11; <u>Pierce</u>, 37 F.3d at 1150 n.1, Linzy's argument on this point is, in its entirety, "[t]he acts of retaliation suffered by the Appellant were not minor or inconsequential.  The Appellees instigated Courtroom proceedings under T.R.C.P. Rule 202, against the Appellant and his wife."

[6] <u>Chevron U.S.A., Inc. v. Traillour Oil Co.</u>, 987 1138, 1146 (5th Cir. 1993).

[7] We need not address the district court's reasoning that Linzy's retaliation claim fails because the Rule 202 filing did not actually inhibit his speech.  Our precedent does not appear to expressly require a showing that a plaintiff's speech has been actually inhibited by the retaliation, and the Circuits are split on this point. <u>Compare</u> <u>Suarez Corp. Indus. v. McGraw</u>, 202 F.3d 676, 685 (4th Cir. 2000), <u>and</u> <u>Connell v. Signoracci</u>, 153 F.3d 74, 79 (2d Cir. 1998) (both requiring actual inhibition of expression), <u>with</u> <u>Mendocino Envtl. Ctr. v. Mendocino Cty.</u>, 192 F.3d 1283, 1300 (9th Cir. 1999) (retaliation claim must show only an intent to interfere with first amendment rights), <u>and</u> <u>Carroll v. Pfeffer</u>, 262 F.3d 847, 850 (8th Cir. 2001) (retaliation is actionable only if it would have inhibited a person of "ordinary firmness" from continuing the expression).

*B.*     *Malicious Prosecution*

We affirm the dismissal of Linzy's malicious prosecution claim because the state court granted Dr. Rueter's Rule 202 petition.  This demonstrates both probable cause for the proceeding and negates "termination of the proceeding in plaintiff's favor," either of which supports dismissal under Texas's six-element test for malicious prosecution.[8]  We need not decide whether Texas courts would characterize a Rule 202 petition as a "proceeding" that can form the basis of a wrongful prosecution action.

AFFIRMED.

---

[8] Texas Beef Cattle Co. v. Green, 921 S.W.2d 203, 207 (Tex. 1996).

5