# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3467

_____

| | | |
|---|---|---|
| Fibred Properties Limited Partnership; | * | |
| | * | |
| Appellant, | * | |
| | * | |
| Fibre Formulations, Incorporated, | * | |
| | * | Appeal from the United States |
| Plaintiff, | * | District Court for the |
| | * | Northern District of Iowa. |
| v. | * | |
| | * | [UNPUBLISHED] |
| City of Iowa Falls, Iowa; Fox Engineering Associates, Inc., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  May 16, 2002
Filed:  June 14, 2002

_____

Before BOWMAN, MAGILL, and BYE, Circuit Judges.

_____

PER CURIAM.

Fibred Properties Limited Partnership and Fibre Formulations (collectively "Fibred") appeal the district court's[1] adverse grant of summary judgment.  This action

_____

[1]The Honorable Michael J. Melloy, then United States District Judge for the Northern District of Iowa, now United States Circuit Judge for the United States Court of Appeals for the Eighth Circuit.

arises out of Fibred's negotiation, construction, and ultimately unsuccessful operation of a fibre extraction plant in Iowa Falls, Iowa. In particular, Fibred brings forth claims for negligent misrepresentation, fraudulent concealment, and fraudulent misrepresentation against Fox Engineering Associates, Inc. ("Fox"), the consulting firm retained by the city throughout the project's negotiation process. Fibred also alleges that Iowa Falls intentionally or negligently misrepresented its waste treatment abilities and contractual intentions in order to induce it to commit to construction of the fibre extraction plant and that, in turn, it justifiably relied on these misrepresentations to its detriment.

We review de novo the district court's grant of summary judgment, and apply the same standards employed by the district court. In doing so, this court must view the evidence in the light most favorable to the nonmoving party to determine whether there are any genuine issues of material fact, and if there are no such issues, we must determine whether the moving party is entitled to judgment as a matter of law. Carroll v. Pfeffer, 262 F.3d 847, 849 (8th Cir. 2001). After careful review of the record before us, we reject Fibred's arguments that the district court's grant of summary judgment was in error. With respect to Fibred's claims against Fox, we agree with the district court's analysis and conclusion that those claims are barred by the applicable five-year statute of limitations. See Iowa Code § 614.1(4); see also McCracken v. Edward D. Jones & Co., 445 N.W.2d 375, 383 (Iowa Ct. App. 1989) (statute of limitations for negligent misrepresentation is five years). Additionally, we also agree with the well-reasoned decision of the district court regarding Fibred's claims against Iowa Falls. To the extent that Fibred argues that they justifiably relied on representations made by city personnel, prior to any council action, this argument must fail. City of McGregor v. Janett, 546 N.W.2d 616, 620 (Iowa 1996).

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.