2009 Ark. 303

**Carl Lee LINELL, Sr., Appellant,**

v.

**Larry NORRIS, Director, Arkansas Department of Correction, Appellee.**

No. 08–142.

Supreme Court of Arkansas.

May 21, 2009.

Carl Lee Linell, Sr., pro se.

Dustin McDaniel, Att'y Gen., for appellee.

PER CURIAM.

In 2007, appellant Carl Lee Linell, Sr., filed a pro se petition for judicial review in the county where he was incarcerated in the Arkansas Department of Correction ("ADC"). Appellant brought the petition pursuant to Arkansas Code Annotated § 25–15–212(b)(3), which is contained within the Administrative Procedure Act ("APA"), currently codified as Arkansas Code Annotated §§ 25–15–201–217 (Repl. 2002 & Supp.2007). Therein, appellant sought review of ADC actions, policies, and procedures that appellant contended violated his due-process rights under the Fourteenth Amendment of the United States Constitution. The appellee filed a motion to dismiss the petition, and the trial court granted the motion with prejudice. Appellant has lodged a pro se appeal here from the order.

This appeal arises from four major disciplinary charges filed against appellant while incarcerated. The charges allege that on December 17, 1999, appellant violated disciplinary rules 06–1 (demanding/receiving money or favors or anything of value in return for protection against others, to avoid bodily harm, or being informed upon), 05–3 (assault—any willful attempt or threat(s) to inflict injury upon the person of another), 04–3 (rape or forced sex act), and 17–1 (any act or acts defined as felonies or misdemeanors by the State of Arkansas).

A hearing was held in January 2000, and appellant was found to have committed the violations. Appellant then appealed the decision. On March 27, 2000, the appellee affirmed the ruling and found that appellant "failed to provide any additional evi-

dence that would warrant modification or reversal of the hearing officer's decision."

As punishment for the violations, appellant received thirty days of punitive isolation, forfeited 365 days of good time credits,[1] and was reduced from Class III inmate status to Class IV status. He also contends that after completion of the punitive isolation punishment, he was assigned to administrative segregation "for several months" by the Unit Classification Committee and then released into the general prison population in mid–2000.

Subsequently, in 2005, ADC enacted a policy that was based on the federal Prison Rape Elimination Act of 2003.[2] The ADC Prison Rape Elimination Act ("PREA") supported a zero-tolerance standard regarding incidences of rape in ADC facilities. The act established a mechanism whereby any inmate who had been found guilty of the disciplinary charge of rape would be considered by the Unit Classification Committee as eligible for assignment to segregated single-cell housing.

As an exhibit attached to the petition for judicial review, appellant presented an ADC Administrative Segregation Review form dated January 10, 2007. The form indicated that appellant had initially been assigned to segregated housing on May 11, 2005, which was the date that the ADC PREA policy took effect.

The form also indicated that in January 2007, the Unit Classification Committee found appellant to be "a threat to the security and good order of the institution" as well as a PREA inmate. On those bases, the Committee approved appellant's continued segregation from the general prison population.

Appellant then sought disclosure of the basis for his PREA-inmate status. In response, the VSM (Varner Maximum Security Unit or Varner Super Max) Classification Officer, Revonna Walker, informed appellant that his PREA status was based on the conviction for the rape that occurred in 1999.

In April and May 2007, appellant filed three grievance complaints pertaining to various allegations.[3] Initially, the warden ruled that appellant's grievances concerned disciplinary matters, racial discrimination accusations, and multiple other issues that were unsubstantiated and untimely raised. Appellant appealed from the warden's determination.

On August 17, 2007, the deputy director issued decisions that denied appellant's appeals on the same bases as the warden's initial denial, and further found that appellant had failed to comply with the page limitation set for grievance forms. The deputy director specifically held that appellant was complaining about matters that occurred in 1999, 2000 and 2005, and that the time to file grievances from those matters had since expired.

Thereafter, on October 22, 2007, appellant filed the petition for judicial review of ADC's actions in circuit court. In the petition, appellant sought a review of the 1999 major disciplinary form and subsequent determination by an ADC hearing officer that appellant violated four major

---

1. Appellant notes that he is not eligible to earn good time credits because he has been sentenced to life imprisonment without parole.

2. The Act is codified as 42 U.S.C. §§ 15601–609 (Supp. III 2000).

3. The original grievance forms were not included as exhibits to the petition for judicial review.

disciplinary rules. Appellant's petition focused specifically on ADC's claim and determination that appellant violated Disciplinary Rule 04–3, rape or forced sex act. He also asked the court to scrutinize the March 27, 2000 ruling that upheld a hearing officer's decision that appellant violated Disciplinary Rule 04–3.

Appellant further asked that ADC decisions regarding his status as a PREA inmate be reviewed. Appellant was initially designated as a PREA inmate and assigned to segregated housing on May 11, 2005. On January 10, 2007, ADC continued appellant's PREA-inmate designation.[4] Thereafter, appellant's grievances concerning myriad issues, including an objection to segregated housing for PREA inmates, were denied at the highest level of the grievance process on August 17, 2007.

In addition to review of ADC's actions, appellant sought a declaration that ADC violated appellant's constitutional rights, an injunction against ADC directing it to refrain from unlawfully punishing appellant in the future, a reversal of his conviction for rape and expungement of the offenses from his ADC record, a release from PREA housing and restoration of all privileges.

The circuit court dismissed appellant's petition because the court found that appellant's petition was prohibited by the Administrative Procedure Act. Under the APA, judicial review is generally not available to an "inmate under sentence to the custody of the Department of Correction." Ark.Code Ann. § 25–15–212(a). The

ADC's administration of prisons "has generally been held to be beyond the province of the courts." *Clinton v. Bonds,* 306 Ark. 554, 557, 816 S.W.2d 169, 171 (1991). Nevertheless, section 25–15–212(a) has been interpreted to not preclude an inmate's assertion of an "infringement upon [his] constitutional rights." 306 Ark. at 557, 816 S.W.2d at 171–72.

Here, we need not reach a determination of whether appellant's claims fit within the exception to section 25–15–212(a) that has been elucidated by *Clinton v. Bonds, supra.* Even if the question were to be answered in the affirmative, appellant would still be precluded from seeking judicial review of ADC's actions pursuant to the APA as the petition was untimely filed.[5]

In the last decisions issued by the ADC, the deputy director found that appellant's grievances were untimely as they pertained to matters that occurred in 1999, 2000 and 2005. In the petition and on appeal, appellant does not address that aspect of the August 17, 2007 rulings. Instead, appellant appears to have utilized the grievance procedure to "boot strap" matters that occurred in 1999, 2000, and 2005 into rulings issued in 2007. Indeed, appellant's arguments focus almost exclusively on the matters that occurred in 2005 and before.

Moreover, section 25–15–212(b)(1) of the APA requires that petitions for judicial review be initiated "within thirty (30) days after service upon petitioner of the agency's final decision." The record on appeal

---

4. Although PREA-status review may apparently be performed periodically or at specific intervals, and appears to be continuing in nature, appellant brings only these two dates to our attention. Also, he did not provide any information about the review process.

5. By resolving this matter based on the statute of limitations, we make no determination as to the validity of any claims raised by appellant, constitutional or otherwise.

supports the conclusion that the October 22, 2007 petition was filed more than thirty days after appellant was served with copies of the ADC's final decisions. While appellant may not have been served with copies of the final decisions on August 17, 2007, the record reflects that appellant was served with copies of the decisions no later than September 8, 2007. On that date, appellant signed the petition for judicial review. Even if we accept September 8, 2007, as the date of service, the petition was not filed until October 22, 2007, which is more than thirty days after service upon appellant of ⌐ADC's final decisions.[6]

In sum, appellant failed to rebut the untimely filing of grievances about matters that occurred in 1999, 2000 and 2005. Also, the record supports the conclusion that the petition for judicial review was filed more than thirty days after appellant was served with copies of the August 17, 2007 rulings issued by the ADC. Appellant is therefore precluded from seeking a remedy under the Administrative Procedure Act. Ark.Code Ann. § 25–15–212(b)(1).

Affirmed.

---

**6.** Appellant's petition to proceed in forma pauperis was denied and the trial court entered an order on September 11, 2007, requiring the tender of an initial partial filing fee in the amount of $59. The order authorized and directed the circuit clerk to file appellant's petition upon receipt of the initial partial filing fee. Nothing contained in the file demonstrates that the clerk received the initial partial filing fee before October 22, 2007.