
SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-12-539

| | |
|---|---|
| QUINCY JAY PLESSY<br><br>                    APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>                    APPELLEE | Opinion Delivered April 10, 2014<br><br>PRO SE PETITION TO REINVEST JURISDICTION<br>[SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT, NO. 66CR-09-1336]<br><br>HONORABLE JAMES O. COX, JUDGE<br><br>PETITION DENIED; APPEAL DISMISSED. |

## PER CURIAM

Appellant Quincy Jay Plessy was convicted of first-degree murder and committing a felony with a firearm. On appeal, the Arkansas Court of Appeals affirmed the judgment, which also reflected that appellant received a sentence of 420 months' imprisonment, including a statutory enhancement. *Plessy v. State*, 2012 Ark. App. 74, 388 S.W.3d 509. Appellant filed a timely petition in the trial court for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2013), and he lodged an appeal in this court when the petition was denied. He has now filed a pleading styled as a "petition to reinvest jurisdiction," and in the petition he seeks to have this court return jurisdiction to the trial court so that he may obtain a ruling on issues that were not addressed in the order denying postconviction relief. The petition to reinvest jurisdiction is denied, and we dismiss the appeal.

In his petition, appellant admits that he failed to obtain a ruling on the issues he raised in his original petition under Rule 37.1. The trial court's order addresses only the issues

SLIP OPINION

appellant raised in an amended petition that appellant later filed, and it did not address those issues in the original petition.

Appellant acknowledges that his appeal is without merit unless he is permitted to seek a ruling on these omitted issues, and he offers the circumstances of his incarceration as an excuse for his failure to obtain a ruling on the omitted issues. He appears to contend that, because of the difficulties resulting from his incarceration, he could not comply with the rules of procedure. That is, he contends that those circumstances "made it impossible to conceive such issues." In support of this proposition, he attaches a document that references a grievance that appellant appears to have submitted to the warden of the facility in which he is incarcerated. Appellant's complaint in the grievance concerned his difficulties in locating books that contained the applicable rules of procedure.

This court has consistently held that the burden to conform to procedural rules applies even where the petitioner proceeds pro se, as all litigants must bear the responsibility for conforming to the rules of procedure or demonstrating good cause for not so conforming. *See Hill v. State*, 2014 Ark. 57 (per curiam) (where the appellant's alleged learning disability and lack of access to the prison's law library was held not to be good cause for the untimely filing of a petition seeking leave to proceed in the trial court with a petition for postconviction relief). If he sought to obtain rulings on issues omitted from the initial order denying postconviction relief, appellant was required to file a motion in the trial court within the thirty-day period of time in which to file a notice of appeal under Arkansas Rule of Appellate Procedure–Criminal 2(a)(4) (2013). *See Lewis v. State*, 2012 Ark. 255 (per curiam); *see also Lovett v. State*, 2013 Ark. 8. If this

SLIP OPINION

court were to permit exceptions to compliance with procedural rules merely because an incarcerated appellant could point to some difficulty in complying with procedural requirements caused by his or her incarceration or lack of education, there would be little use in promulgating procedural rules, as an appellant could simply bypass the rules by claiming the burden of incarceration or lack of knowledge. *See Sillivan v. Hobbs*, 2014 Ark. 88 (per curiam).

Appellant has therefore not shown good cause for his failure to comply with the procedural rules. The petition is accordingly denied. Because appellant indicated that he does not believe that the appeal has merit unless he is permitted to obtain the additional rulings, and because he has not filed a brief in support of his appeal within the time permitted, we also dismiss the appeal.

Petition denied; appeal dismissed.

*Quincy Jay Plessy*, pro se appellant.

No response.