SLIP OPINION

Cite as 2014 Ark. 232

# SUPREME COURT OF ARKANSAS

No. CV-13-958

| | |
|---|---|
| MORRIS B. KOONTZ<br>APPELLANT<br><br>V.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | Opinion Delivered May 15, 2014<br><br>PRO SE MOTION FOR EXTENSION<br>OF TIME<br>[JEFFERSON COUNTY CIRCUIT<br>COURT, NO. 35CV-13-4]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>APPEAL DISMISSED; MOTION<br>MOOT. |

## PER CURIAM

In 2013, appellant Morris B. Koontz filed a pro se "Petition for Judicial Review of Administrative Action" in the county where he was incarcerated in the Arkansas Department of Correction ("ADC"). In the petition, appellant sought review of ADC actions and procedures that he contended violated a number of his constitutional rights. Properly considering the petition pursuant to Arkansas Code Annotated section 25-15-212 (Repl. 2002) of the Administrative Procedure Act ("APA"), the circuit court dismissed the petition with prejudice based, in part, on its finding that the petition was untimely. In a motion for reconsideration, appellant challenged the circuit court's dismissal of the petition as untimely. Denying the motion for reconsideration, the trial court found that appellant failed to raise any authority to support his claim that the delay in filing his petition should be excused. Appellant has lodged a pro se appeal here from the order denying his motion for reconsideration.

Now before us is appellant's pro se motion for extension of time to file his brief-in-chief.

Because it is clear that appellant was untimely in seeking judicial review under the APA, the appeal is dismissed, and his motion is moot. *See Lee v. Ark. Dep't of Corr. Records Dep't*, 2012 Ark. 342 (per curiam).

The petition arose from a major disciplinary charge filed against appellant while he was incarcerated. Pending the investigation of the charge, appellant was transferred to the Varner Supermax Unit and assigned to administrative segregation on June 13, 2012. The charge alleged that, on June 9, 2012, appellant violated disciplinary rules 03-1 (out of place of assignment), 04-7 (rape or forced sexual assault with staff or person of another inmate), 05-7 (assault—any willful attempt or threat(s) to inflict injury upon staff), 12-1 (failure to obey verbal and/or written orders of staff), and 17-1 (any act or acts defined as felonies or misdemeanors by the State of Arkansas). A disciplinary hearing was held on June 22, 2012, and the hearing officer found that appellant had committed the violations. As punishment for the violations, appellant received thirty days of punitive isolation, forfeiture of 792 days of good-time credit, and reduction to Class IV status. Appellant appealed the decision to the unit warden, who affirmed the decision of the hearing officer. Appellant then appealed to the disciplinary hearing administrator, who also affirmed the finding. Finally, appellant appealed to the Director of the ADC, who affirmed the ruling on August 31, 2012. An ADC "Administrative Segregation Review" form, dated September 21, 2012, indicates that the Unit Classification Committee had found that appellant was a "PREA" inmate.[1] The Review form also shows that the warden approved the

---

[1]In 2005, the ADC enacted a policy that was based on the federal Prison Rape Elimination Act of 2003, which is codified as 42 U.S.C. §§ 15601–15609 (Supp. III 2000). *Linell v. Norris*, 2009 Ark. 303, 320 S.W.3d 642 (per curiam). The ADC Prison Rape Elimination Act ("PREA") supported a zero-tolerance standard regarding incidents of rape in ADC facilities.

determination of the Committee that appellant would remain in administrative segregation based on his status as a sexual predator.

In his petition for judicial review, appellant argued that, pursuant to the disciplinary proceedings instituted against him, the ADC violated a number of his constitutional rights, as well as its own policies, and improperly classified him as an inmate subject to the PREA. He also claimed that the PREA is not being properly implemented by the ADC. Appellant sought expungement of his disciplinary history, a declaration that his "disciplinaries" were invalid, removal of his PREA status, restoration of his class and good-time credit, transfer to a minimum-security prison, legal fees and damages, and reversal of all actions in his disciplinary proceedings. Quoting Arkansas Code Annotated section 25-15-212(a), which addresses judicial review of final agency actions, and the thirty-day requirement in Arkansas Code Annotated section 25-15-212(b) for bringing a petition for judicial review, the circuit court denied the motion. In his motion for reconsideration, appellant summarily stated that his petition was filed within thirty days from receipt of the "disciplinary appeal form." He then contended that his petition should be considered timely because the order setting the initial partial filing fee granted him sixty days to pay his partial filing fee and he paid the fee and filed his petition within sixty days of the date that the trial judge signed the order setting the fee. Appellant seemed to further contend that the untimeliness of the petition was justified based on his filing of related grievances and the allegations of constitutional violations in the petition. The circuit court

_Id._ The Act established a mechanism whereby any inmate who had been found guilty of the disciplinary charge of rape would be considered by the Unit Classification Committee as eligible for assignment to segregated single-cell housing. _Id._



denied the motion for reconsideration.

Under the APA, judicial review is generally not available to an "inmate under sentence to the custody of the Department of Correction." Ark. Code Ann. § 25-15-212(a). In *Clinton v. Bonds*, 306 Ark. 554, 816 S.W.2d 169 (1991), however, this court held that the APA was unconstitutional to the extent that it deprived inmates of review of constitutional questions. Accordingly, when an inmate challenges a disciplinary proceeding and ADC officials' implementation of ADC rules, the petitioner must raise a constitutional question sufficient to raise a liberty interest merely to fall within the classification of claims subject to judicial review. *See Renfro v. Smith*, 2013 Ark. 40 (per curiam); *Munson v. Ark. Dep't of Corr.*, 375 Ark. 549, 294 S.W.3d 409 (2009) (per curiam). Here, we need not determine whether appellant's claims fit within this exception to section 25-15-212(a). Even if the question were to be answered in the affirmative, appellant would still be precluded from seeking judicial review of the ADC's actions pursuant to the APA because the petition was untimely. *See Linell*, 2009 Ark. 303, 320 S.W.3d 642.

Under the APA, a petition for judicial review must be filed within thirty days after service of the agency's final decision upon the petitioner. Ark. Code Ann. § 25-15-212(b). This thirty-day period begins to run when an inmate is served with a copy of the ADC's decision. *Lee*, 2012 Ark. 342. When a petition is filed outside the thirty-day window, it is untimely, and a petitioner is precluded from seeking relief under the APA. *Id.* The record supports the conclusion that the petition, filed January 2, 2013, was filed more than thirty days after appellant had been served with a copy of the ADC's final decision. While appellant may not have been

served with a copy of the final decision on the date that it was filed, the record reflects that he was served with a copy no later than October 22, 2012. On that date, appellant signed the petition for judicial review. Even if we accept October 22, 2012, as the date of service, the petition was not filed until January 2, 2013, which is more than thirty days after October 22, 2012. Thus, appellant's petition is subject to dismissal by this court unless appellant meets his burden of rebutting the presumption that his petition was not timely filed. *See Linell*, 2009 Ark. 303, 320 S.W.3d 642.

While appellant contended that his petition should be considered timely because he filed it within sixty days of the date that the trial judge signed the order setting the initial partial filing fee on November 8, 2012, this argument seems to be based on a misinterpretation of the language in that order. In the order, the trial court denied appellant's petition to proceed in forma pauperis and required the tender of an initial partial filing fee of $4.00. The order authorized and directed the circuit clerk to file appellant's petition upon receipt of the initial partial filing fee. The order also stated that, if the initial partial payment was not received within sixty days from the date of the order, the clerk was authorized to destroy the pleadings. The order did not, as claimed by appellant, allow him sixty days from the date that the order had been signed to pay his partial filing fee. The record reflects that the circuit clerk's office received the initial partial filing fee of $4.00 on January 2, 2013. On that date, the order setting the initial partial filing fee was entered, and the petition for judicial review was filed. As to appellant's apparent claim that the untimeliness of the petition was justified based on related grievances filed with the ADC or allegations of constitutional violations in the petition, there is no authority to

support this position.

Because appellant's petition for review was untimely, he is precluded from seeking relief under the APA. *See Lee*, 2012 Ark. 342; *Linell*, 2009 Ark. 303, 320 S.W.3d 642. His motion for extension of time to file his brief in this matter is accordingly moot.

Appeal dismissed; motion moot.

*Morris B. Koontz*, pro se appellant.

No response.