# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-1768

_____

James Spann,

*Plaintiff - Appellee,*

v.

George A. Lombardi; Dave Dormire; Alan Earls; Jay Cassady; Brian Schmutz; Jim Wakeman; Nick Miller; Timothy Murray; Noel Obinaduke, formerly named as Noel Obi; April Purifoy; Shane Counts; Michael Cahalin; Raina Martin; Kelly Deardeuff,

*Defendants - Appellants.*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: February 11, 2020
Filed: June 3, 2020

_____

Before SMITH, Chief Judge, COLLOTON and STRAS, Circuit Judges.

_____

COLLOTON, Circuit Judge.

James Spann is a Missouri inmate who is confined at the Jefferson City Correctional Center. He sued several prison officials in their individual capacities under 42 U.S.C. § 1983, challenging a disciplinary adjudication, conditions of

confinement, adequacy of medical treatment, and alleged retaliatory acts. The district court ultimately denied motions to dismiss and for summary judgment, and the officials appeal to assert a defense of qualified immunity.

The case has a convoluted procedural history. In 2014 and 2016, Spann filed two separate civil actions against prison officials and medical professionals employed by a contractor. The district court eventually appointed counsel to represent Spann in April 2016, and consolidated the two actions in August 2016. Spann's counsel then filed a consolidated amended complaint to encompass all of Spann's claims, and later filed a consolidated second amended complaint in December 2016.

On August 15, 2017, the district court granted a motion to dismiss two Eighth Amendment claims alleging unconstitutional conditions of confinement and deliberate indifference to medical needs. R. Doc. 214, at 4. The court concluded that Spann failed to state a claim on those counts, so it was unnecessary for the court to address the officials' alternative defense of qualified immunity.

In the meantime, Spann had filed another *pro se* action in May 2017. On August 30, 2017, the district court consolidated this third case with the other two, and Spann's counsel filed an amended complaint for the third case only. R. Doc. 250. Consistent with its previous order dismissing Eighth Amendment claims, the district court on March 5, 2018, dismissed a renewed claim alleging deliberate indifference to medical needs. R. Doc. 277, at 3.

Then on March 12, 2018, Spann filed a "Consolidated Third Amended Complaint" that encompassed all three of the original *pro se* lawsuits and asserted five claims. R. Doc. 282. Count I alleged a due process violation arising from a prison disciplinary action. Counts II and III realleged the Eighth Amendment claims that the district court previously dismissed. Count IV asserted unlawful retaliation for filing grievances, and Count V alleged a civil conspiracy to violate rights under the First,

Eighth, and Fourteenth Amendments. Spann acknowledged that the district court already had dismissed the Eighth Amendment claims.

This appeal involves the district court's rulings on two motions filed in November 2018. Spann moved the court to reconsider its decision from August 2017 dismissing his Eighth Amendment claim against Missouri officials alleging unconstitutional conditions of confinement. R. Doc. 385. At the same time, the officials filed their own motion for summary judgment on the due process, retaliation, and civil conspiracy claims that were alleged in the March 2018 complaint. R. Doc. 390.

On the motion for reconsideration, the district court granted Spann's request and reinstated Count II and its assertion of unconstitutional conditions of confinement. R. Doc. 512. The court concluded that its August 2017 order did not adequately address Spann's allegations on this count, and determined on reconsideration that Spann stated claims against the officials under the Eighth Amendment. The court did not address whether the claims were barred by qualified immunity.

On appeal, the officials argue that they are entitled to a ruling on their defense of qualified immunity as to Count II, and we agree. The officials argued qualified immunity in support of their motion to dismiss the claim when the court originally decided it. R. Doc. 178, at 22-24. The district court found it unnecessary to address that point, because it ruled that Spann's complaint did not even state a claim under the Eighth Amendment. On reconsideration, the court reversed itself on whether that complaint adequately alleged a constitutional violation, but never returned to the remainder of the motion to dismiss and the defense of qualified immunity.

The officials properly raised and briefed the defense of qualified immunity in their motion to dismiss. The officials did not abandon the argument when they opposed the motion for reconsideration on the ground that the court ruled correctly the first time.

Therefore, we conclude that the court should have addressed the defense. Because the order granting the motion for reconsideration effectively denied the officials' motion to dismiss without ruling on qualified immunity, we will remand the case for further proceedings to address the question of qualified immunity on Count II. *See Payne v. Britten*, 749 F.3d 697, 700-01 (8th Cir. 2014).

As to the remaining claims, the district court denied the officials' motion for summary judgment. R. Doc. 522. The officials argue on appeal that the district court erred here too by failing to address the defense of qualified immunity. The motion for summary judgment, however, did not present an argument based on qualified immunity. The motion mentioned "immunities" only once in a concluding sentence on page 23 of the motion: "State Defendants reassert the defenses alleged in prior Motions to Dismiss, as the uncontroverted facts support all claims of privileges and immunities stated in those motions. *See* Docs. 29, 178, and 229 which are all incorporated by reference." R. Doc. 390, at 23.

The district court denied the motion "to the extent it reasserts by reference defenses of privileges and immunities alleged in prior motions to dismiss." The court explained that all of the prior motions were filed before Spann brought the consolidated third amended complaint that was at issue. The court also observed that the officials did not offer any evidence relating to their affirmative defenses in their briefing on the motion for summary judgment. The court thus ruled that the officials failed to properly plead or carry their burden of proof as to any "defenses of privileges and immunities."

We conclude that the district court did not abuse its discretion on this issue. Although the officials could avoid waiver of the defense by incorporating prior pleadings by reference in their answer, *see* R. Doc. 289, at 43, and then arguing the defense with more specificity later, *see First Union Nat. Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 622-23 (8th Cir. 2007), a district court does not abuse its discretion by declining to address an argument for summary judgment that is not

properly briefed. The officials' motion for summary judgment does not even mention the term "qualified immunity." The motion makes no argument for qualified immunity based on the law and facts of the case as they stood in November 2018. The district court was not required to pore over papers that were filed in July 2015, December 2016, and October 2017, at different procedural junctures, to discern arguments about unspecified "privileges and immunities" that were supposedly directed at a complaint filed in March 2018. If any of the officials sought a ruling on qualified immunity as to any particular claim or claims in the pending complaint, then they should have argued the point in their motion. We therefore reject the challenge to the order denying the motion for summary judgment, but the officials may assert a defense of qualified immunity at trial. *See Henricks v. Pickaway Corr. Inst.*, 782 F.3d 744, 752 (6th Cir. 2015); *Narducci v. Moore*, 572 F.3d 313, 325 (7th Cir. 2009).

For these reasons, we remand the case for further consideration of the officials' defense of qualified immunity on Count II. We reject the challenge to the order denying summary judgment on the remaining counts.

STRAS, Circuit Judge, concurring in part and dissenting in part.

The court affirms a discretionary call that I am not sure the district court actually made. I cannot tell whether it declined to address qualified immunity at summary judgment because of inadequate briefing, inadequate pleading, or something else entirely, so I would remand the whole case. *See Payne v. Britten*, 749 F.3d 697, 699, 701 (8th Cir. 2014); *see also H & R Block Tax Servs. LLC v. Acevedo-Lopez*, 742 F.3d 1074, 1078 (8th Cir. 2014) (remanding when the basis for the district court's discretionary decision was unclear).

_____