# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1496
_____

Antonio Lamont Webb,

*Plaintiff - Appellant*,

v.

Lori Lakey, Deputy Warden; Betty Lindsey, Case Worker/Grievance Officer;
Andrew Webb, Functional Unit Manager; Latisha Montemayor, CCM; Elizabeth
Jordan, Corrections Officer; David Gilgour, CO-I; Catrina Woody, CO-I; John DeWeese,

*Defendants - Appellees*.
_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph
_____

Submitted: February 13, 2024
Filed: August 7, 2024
_____

Before LOKEN, COLLOTON,[1] and KELLY, Circuit Judges.
_____

---

[1]Judge Colloton became chief judge of the circuit on March 11, 2024. *See* 28
U.S.C. § 45(a)(1).

COLLOTON, Circuit Judge.

Antonio Webb, a former state inmate in Missouri, sued prison officials for allegedly violating his constitutional rights under the Eighth Amendment. He complained of alleged sexual harassment and abuse, a failure of the officials to protect him from abuse, and retaliation for reporting alleged misconduct. The district court[2] granted summary judgment for the officials, and we affirm.

Part of the dispute on appeal concerns whether the district court properly considered the defense of qualified immunity. In the officials' answer to Webb's complaint, they asserted qualified immunity as an affirmative defense. The district court ordered the officials to file a motion addressing qualified immunity if they intended to raise it as a defense. But the officials did not file a motion.

The case proceeded through discovery toward trial. At a pretrial conference, the officials said that they did not move for summary judgment based on qualified immunity because they "didn't see grounds" for a motion "at the time." But four days before the trial was scheduled to begin, the court ordered the officials to file a motion that "shall thoroughly discuss whether and how each Defendant is entitled to qualified immunity." The court continued the trial and extended the deadline for either party to file dispositive motions. The officials moved for summary judgment in accordance with the court's order.

The court then granted summary judgment for the officials on all of Webb's claims. The court concluded that Webb failed to present sufficient evidence to establish any constitutional violation much less a violation of clearly established

---

[2]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

rights.  The court therefore ruled that the officials were entitled to qualified immunity on all counts.  Webb appeals the grant of summary judgment.

Webb first argues that the district court erred in requiring the officials to file a motion addressing qualified immunity.  We disagree because the court's effort to address qualified immunity before trial was a reasonable exercise of case management.  The court explained that "allowing Defendants to assert qualified immunity at trial would be procedurally problematic and arguably unfair to Plaintiff." Qualified immunity may be considered at trial, *see Spann v. Lombardi*, 960 F.3d 1085, 1088 (8th Cir. 2020), but where any factual disputes are immaterial, there are inefficiencies in summoning a jury to consider days of evidence while the court makes a parallel determination on the purely legal question of qualified immunity. Webb received adequate notice of the motion and had an opportunity to file a brief in response, so there was no procedural infirmity.  *See Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992) (per curiam).  The court thus recognized the need to conserve judicial resources while satisfying the interests of fair play.  *See Carroll v. Pfeffer*, 262 F.3d 847, 850 (8th Cir. 2001).

Webb next argues that the court erred in granting summary judgment on his retaliation claim.  The officials are entitled to summary judgment if Webb, as the plaintiff bearing the burden of proof, failed to produce sufficient evidence to establish an element of his claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Webb has abandoned his other claims, so only alleged retaliation is at issue on appeal.

Webb failed to present competent evidence to support a finding of retaliation. He submitted a declaration, but it was not signed under penalty of perjury, and it is therefore inadmissible.  *See* 28 U.S.C. § 1746; *Zubrod v. Hoch*, 907 F.3d 568, 574-75 (8th Cir. 2018); *Banks v. Deere*, 829 F.3d 661, 668 (8th Cir. 2016).  He presented records relating to prison grievance proceedings, but his statements set forth in those documents likewise do not satisfy Federal Rule of Civil Procedure 56.  *See Banks*,

829 F.3d at 667-68.  Webb also did not cite specific parts of the grievance records as required by Federal Rule of Civil Procedure 56(c)(1)(A), and the district court was not obliged to pore through the records in search of a factual dispute.  *Jain v. CVS Pharmacy, Inc.*, 779 F.3d 753, 758-59 (8th Cir. 2015).  The court properly granted summary judgment for the officials.

The judgment of the district court is affirmed.

_____